IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: § | Chapter 11 | |
| § | | |
| TMT PROCUREMENT CORPORATION, § *et al.*,[1] § | Case No. 13-33763 | |
| § | | |
| § | | |
| Debtors. § | Jointly Administered | |
| | | |
| **OFFICIAL COMMITTEE OF** § **UNSECURED CREDITORS,** § | | |
| § | | |
| Plaintiff, § | Adversary No. _____ | |
| v. § | | |
| § | | |
| **TAIWAN MARITIME** § **TRANSPORTATION CO., LTD.** § | | |
| § | | |
| Defendant. | | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO
DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

The official committee of unsecured creditors (the "Committee" or "Plaintiff") appointed in the above-captioned chapter 11 cases of TMT Procurement Corporation *et al.* (the "Debtors"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover preferential and fraudulent transfers against Taiwan Maritime Transportation Co., Ltd. (the "Defendant"), and to disallow any claims held by the Defendant. In support of its Complaint, the Plaintiff hereby alleges upon information and belief that:

---

[1] The Debtors in these chapter 11 cases are: (1) A Whale Corporation; (2) B Whale Corporation; (3) C Whale Corporation; (4) D Whale Corporation; (5) E Whale Corporation; (6) G Whale Corporation; (7) H Whale Corporation; (8) A Duckling Corporation; (9) F Elephant Corporation; (10) A Ladybug Corporation; (11) C Ladybug Corporation; (12) D Ladybug Corporation; (13) A Handy Corporation; (14) B Handy Corporation; (15) C Handy Corporation; (16) B Max Corporation; (17) New Flagship Investment Co., Ltd; (18) RoRo Line Corporation; (19) Ugly Duckling Holding Corporation; (20) Great Elephant Corporation; and (21) TMT Procurement Corporation.

**NATURE OF THE CASE**

1. This action is commenced pursuant to sections 547, 548, and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, preferential or fraudulent transfers of property made by certain of the Debtors as set forth on Exhibit A, which is attached hereto and incorporated herein.

2. In addition, the Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that the Defendant has filed or asserted against the Exhibit A Debtor or that has been scheduled for the Defendant. Nothing in this Complaint should be construed as a waiver of the Debtors' or the Plaintiff's rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11 and arises in and relates to cases under title 11 pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"), jointly administered and captioned *In re TMT Procurement Corporation et al.*, Case No. 13-33763 (the "Chapter 11 Cases"), pursuant to 28 U.S.C. §§157 and 1334(b).

4. This adversary proceeding is a "core" proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

7. Pursuant to Local Rule 7008-1, the Plaintiff states that, solely in its capacity as the Committee with standing to assert the claims in this Complaint against the Defendant, it consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

8. On June 20, 2013 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

9. On July 9, 2013, the United States Trustee appointed the Committee.

10. On June 19, 2015, the Court granted the Committee leave, standing, and authority to pursue avoidance actions under sections 547, 548 and 550 of the Bankruptcy Code against the Defendant and certain other of the Debtors' insiders identified in paragraph 5 of the *Notice as to Potential Avoidance Actions*.[2]

## THE PARTIES

11. The Committee currently consists of the following creditors: (i) China Shipping Car Carrier; (ii) Hyundai Samho Heavy Industries Co., Ltd.; (iii) KPI Bridge Oil Limited and KPI Bridge Oil Singapore Pte, Ltd.; (iv) Omega Bunker S.R.L.; (v) China Ocean Shipping Agency Shanghai d/b/a Penavico Shanghai; (vi) Songa Shipping Pte, Ltd.; and (vii)

---

[2] Dkt. No. 2500.

Universal Marine Service Co., Ltd. In addition, Scandinavian Bunkering AS was appointed as an alternative, nonvoting member of the Committee.

12. The Debtors are entities that were formerly known in the industry as the TMT Group ("TMT"). TMT began as a company known as Taiwan Marine Transport Co. Ltd. (a non-debtor), which was founded in 1958 as a banana boat operator with inter-Asia routes. It grew into a provider of worldwide sea-borne transportation services. The Debtors include the individual vessel owning companies for 17 of TMT's vessels (the "Vessels"). Each of the Vessels has been sold during the Chapter 11 Cases either in the Court or pursuant to local admiralty sales. The remaining Debtors are non-vessel owning entities. With respect to the Debtor identified on Exhibit A, A Duckling Corporation is a former vessel owning company.

13. The Defendant is identified in attachment 3c to the SOFA (as defined below) as an insider to and a related party affiliate of the Exhibit A Debtor.

**FACTUAL BACKGROUND**

14. Prior to the Petition Date, and upon information and belief, the Debtors, as providers of worldwide sea-borne transportation for various sectors of maritime transportation, maintained numerous business relationships with various business entities, including vendors, creditors, suppliers and distributors, and regularly purchased, sold, received and/or delivered goods and services in support of their operations.

15. The Defendant is, upon information and belief, an affiliate of the Debtors within the meaning of section 101(2) of the Bankruptcy Code, and an insider of the Debtors pursuant to section 101(31)(E) of the Bankruptcy Code.

16. Exhibit A reflects the dates and amounts of all known transfers made by or for the benefit of the Debtor listed on Exhibit A to the Defendant as set forth in the Debtor's

statement of financial affairs ("SOFA")[3] within the one year period immediately prior to the Petition Date, in an aggregate amount of $13,512,439 (the "Transfer" or "Transfers"). The SOFA was verified under "penalty of perjury" by Mr. Su, who, upon information and belief, is an affiliate of the Defendant.

17. The Schedules accompanying the SOFA (the "Schedules") do not list the Defendant as a creditor. The Defendant has not filed a proof of claim against the Exhibit A Debtor, but has filed substantial proofs of clam against a number of other Debtors.

18. During the course of these Chapter 11 Cases the Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period (as defined below), or during the two-year period applicable to actions arising under section 548 of the Bankruptcy Code. It is the Plaintiff's intention to seek avoidance and recovery (or offset) of all transfers made by the Exhibit A Debtor of an interest of such Debtor in property and to or for the benefit of the Defendant or any other transferee. The Plaintiff reserves all rights to supplement and amend the allegations of this Complaint to include: (i) further information regarding the Transfers; (ii) additional transfers; (iii) modifications of or revision to the Defendant's name; (iv) additional defendants; and (v) additional causes of action (collectively, the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

19. The Plaintiff acknowledges that the Transfers may be subject to defenses under sections 547(c) of the Bankruptcy Code for which the Defendant bears the burden of proof

---

[3] Dkt. No. 177.

under section 547(g), and may be subject to additional defenses that include defenses under sections 548 and 550 of the Bankruptcy Code.

### FIRST CLAIM FOR RELIEF

**(Avoidance and Recovery of Preferential Transfers – 11 U.S.C. §§ 547(b) and 550)**

20. The Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

21. As more particularly described on Exhibit A, within the one year period immediately prior to the Petition Date (the "Preference Period"), upon information and belief the Exhibit A Debtor made the Transfers to or for the benefit of the Defendant in an aggregate amount of not less than $97,483.

22. Upon information and belief, the Transfers constituted transfers of an interest in property of the Exhibit A Debtor.

23. The Plaintiff has insufficient information or belief to allege whether the Defendant was a creditor of the Exhibit A Debtor, within the meaning of section 547(b)(1) of the Bankruptcy Code, and, therefore, alleges that the Defendant may have been a creditor of the Exhibit A Debtor.

24. Upon information and belief, the Transfers by the Exhibit A Debtor were made on account of an antecedent debt within the meaning of section 547(b)(2) of the Bankruptcy Code owed by such Debtor to the Defendant before the Transfers were made.

25. Upon information and belief, the Transfers were made while the Exhibit A Debtor was insolvent within the meaning of section 547(b)(3) of the Bankruptcy Code.

26. Upon information and belief, the Defendant is an insider within the meaning of section 547(b)(4)(B) of the Bankruptcy Code.

27. As a result of the Transfers, upon information and belief, the Defendant received more than the Defendant would have received if: (i) the <u>Exhibit A</u> Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payments of its debts under the provisions of the Bankruptcy Code.

28. Upon information and belief, the Defendant was the initial transferee of each of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit each of the Transfers was made.

29. Based upon the foregoing, the Plaintiff, on behalf of the <u>Exhibit A</u> Debtor, if the Defendant was a creditor of the <u>Exhibit A</u> Debtor at the time of the Transfers to the Defendant by such Debtor, is entitled to an order and judgment against the Defendant: (i) avoiding the Transfers by such Debtor under section 547(b) of the Bankruptcy Code; and (ii) entitling the Plaintiff to recover the Transfers or the value of the Transfers by such Debtor from the Defendant under section 550(a) of the Bankruptcy Code, together with the award of pre- and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment and the costs of this action.

## **SECOND CLAIM FOR RELIEF**

**(Avoidance and Recovery of Fraudulent Transfers – 11 U.S.C. §§ 548 and 550)**

30. The Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

31. The <u>Exhibit A</u> Debtor made the Transfers or a portion thereof to or for the benefit of the Defendant in an aggregate amount of not less than $97,483 within two years prior to the Petition Date.

32. Upon information and belief, the <u>Exhibit A</u> Debtor received less than reasonably equivalent value in exchange for some or all of the Transfers.

33. Upon information and belief, the <u>Exhibit A</u> Debtor: (i) was insolvent on the date of the Transfers, or became insolvent as a result of the Transfers; (ii) was engaged in business or a transaction for which any property remaining with such Debtor was unreasonably small capital at the time of, or as a result of the Transfers; or (iii) intended, at the times relevant to this Complaint, to incur, or believed that such Debtor would incur, debts that would be beyond such Debtor's ability to pay as such debts matured.

34. The Defendant may also have received additional avoidable transfers which may be discovered during the discovery process.

35. Based upon the foregoing, the Plaintiff, on behalf of the <u>Exhibit A</u> Debtor, is entitled to an order and judgment against the Defendant: (i) avoiding the Transfers by such Debtor under section 548(a)(1)(B) of the Bankruptcy Code; and (ii) entitling the Plaintiff to recover the Transfers or the value of the Transfers by such Debtor from the Defendant under section 550(a) of the Bankruptcy Code, together with the award of pre- and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment.

## THIRD CLAIM FOR RELIEF

**(Disallowance of Claims – 11 U.S.C. §§ 502(d) and (j))**

36. The Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

37. Upon information and belief, the Defendant is a transferee of Transfers avoidable pursuant to sections 547 and 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

38. Upon information and belief, the Defendant has not paid the amount of the Transfers or turned over such property for which the Defendant is liable under section 550 of the Bankruptcy Code.

39. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of the Defendant against the Exhibit A Debtor must be disallowed until such time as the Defendant pays the Plaintiff an amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

40. Pursuant to 11 U.S.C. § 502(j), any and all previously allowed claims of the Defendant against the Exhibit A Debtor, including any and all claims assigned by the Defendant, must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Court grant the following relief against the Defendant:

A. On the Plaintiff's First Claim for Relief, judgment in favor of the Plaintiff on behalf of the <u>Exhibit A</u> Debtor, and against the Defendant, avoiding the Transfers and directing the Defendant to return to such Debtor's estate the amount of the preferential Transfers, pursuant to sections 547(b) and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On the Plaintiff's Second Claim for Relief, judgment in favor of the Plaintiff on behalf of the <u>Exhibit A</u> Debtor, and against the Defendant, avoiding the Transfers and directing the Defendant to return to such Debtor's estate the amount of the fraudulent Transfers, pursuant to sections 548(a)(1)(B) and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

C. On the Plaintiff's Third Claim for Relief, judgment in favor of the Plaintiff on behalf of the <u>Exhibit A</u> Debtor, and against the Defendant disallowing any claims filed by the Defendant against such Debtor's estate until the Defendant returns the Transfers to such Debtor's estate pursuant to sections 502(d) and (j) of the Bankruptcy Code; and

D. Granting the Plaintiff such other and further relief as this Court may deem just and proper.

Dated: New York, New York
June 19, 2015

**KELLEY DRYE & WARREN LLP**

By: */s/ James S. Carr*
James S. Carr
Eric R. Wilson
Jason Alderson
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800

*Counsel to the Official Committee of Unsecured Creditors*

## Exhibit A

| Vendor Name | Payment Date | Payment Amount | Debtor |
|---|---|---|---|
| Taiwan Maritime Transportation Co., Ltd. | 12/24/2012 | $72,483 | **A Duckling Corporation (Case No. 13-33748)** |
| Taiwan Maritime Transportation Co., Ltd. | 12/28/2012 | $25,000 | A Duckling Corporation |
| | | **Total: $97,483** | |